# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
No. 3:05 CV 257

| | |
|---|---|
| CADMUS COMMUNICATIONS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> JACKIE L. GOLDMAN f/k/a JACKIE PETET d/b/a SCREAMING FISH LLC and SCREAMING FISH LLC, <br><br> Defendants. | SECOND PROTECTIVE ORDER |

FOR GOOD CAUSE SHOWN, the Court hereby GRANTS the parties' Joint Motion for Second Protective Order (filed pursuant to Court Order dated November 17, 2006) and enters the Second Protective Order in this matter pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, with respect solely to the production of that certain Settlement Agreement (the "Settlement Agreement") by and between Cox Communications, Inc. and Jackie L. Goldman and Screaming Fish LLC according to the following terms:

**IT IS THEREFORE ORDERED:**

1. Except as specifically provided in paragraphs 2 and 3, the Settlement Agreement shall be disclosed by Cadmus only to the parties and their counsel (including other attorneys in the same firm and their clerical and paralegal employees). Cadmus will make no use of the Settlement Agreement except for the purpose of prosecuting its claims against Defendants and defending the counterclaims asserted by Defendants in the above-captioned case.

2. If the Settlement Agreement related directly to the testimony of a non-party witness, then the Settlement Agreement may be disclosed to such non-party witness provided

that he or she expressly agrees to be bound by this Protective Order by signing a copy thereof, which copy shall promptly be provided by facsimile to counsel for Defendants.

3. If Cadmus intends to submit the Settlement Agreement to the Court in connection with any filing or submission in this case, Cadmus shall submit the Settlement Agreement to the Court under seal.

4. Each person identified herein subject to this Protective Order shall review and consent to the terms of this Protective Order before viewing the Settlement Agreement.

5. Within fifteen days after conclusion of the above-captioned case by final settlement or judgment(s) no longer subject to appeal, Cadmus and its counsel shall return the Settlement Agreement and all copies thereof to Defendants' counsel.

6. This Protective Order shall be binding upon and inure to the benefit of the successors and representatives of the parties.

7. Defendants will stamp the Settlement Agreement "Confidential" (or with some similar phrase) prior to production.

Signed: December 5, 2006

David C. Keesler
United States Magistrate Judge