# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:05cv257

| | |
|---|---|
| **CADMUS COMMUNICATIONS CORPORATION,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )  **O R D E R**<br>) |
| **JACKIE L. GOLDMAN, f/k/a JACKIE PETET d/b/a SCREAMING FISH LLC and SCREAMING FISH LLC,** | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court *sua sponte* regarding the issue of whether the admission *pro hac vice* of attorney Stanley Lefco should be revoked.

This matter was before the Court for a status conference on November 19, 2007, at which Defendants' counsel Stanley Lefco was not present, but the Defendants were, in stead, represented by attorney Carrie O'Brien. At that time the issue was raised regarding the *ex parte* contacts of Mr. Lefco and an associate from his office to the chambers of the

undersigned seeking relief from this Court in the form of a continuance of the status conference, without having first sought the consent of opposing counsel to make such contact or even having sought the position of opposing counsel with regard to such continuance.  The impropriety of such contact was explained to Mr. Lefco's associate, but Mr. Lefco then made further similar contact with chambers himself.  The explanation given at the November 19 status conference was surprisingly at variance with the substance of the telephone calls made to chambers.

 Counsel are strongly admonished that 1) no contact with the Court seeking relief from the Court should be made without first seeking the position of opposing counsel as to such relief, 2) no *ex parte* contact should be made with chambers without the consent of opposing counsel and 3) counsel should never send an associate to undertake questionable conduct on behalf of a more senior attorney, particularly where that associate is not admitted before this Court.  Counsel who are admitted *pro hac vice* are strongly admonished to know and understand the manner of practice in this District and to govern their practice in this Court accordingly.  Local Rule 83.1(B) strongly encourages the association of local counsel in order for any attorneys admitted *pro hac vice* to have the benefit of consultation with local counsel as to the manner of practice in

this District.  If Mr. Lefco or his associate had so consulted with their local counsel, Ms. O'Brien or Mr. Raynor, the inappropriate conduct of out-of-state counsel should not have occurred.  Based on the foregoing,

IT IS THEREFORE ORDERED that the admission *pro hac vice* of attorney Stanley Lefco is not revoked at this time, but that his status of special admission of the purposes of this one case is now probationary, and that any further missteps will result in the revocation of his *pro hac vice* privileges.  Local counsel for the Defendants are advised that in light of Mr. Lefco's probationary status that they become more directly involved in the management of this case and that they be prepared to step in and try this case if Mr. Lefco's *pro hac vice* admission is hereafter revoked.  Counsel are further advised that if any further inappropriate action were to occur causing the revocation of Mr. Lefco's *pro hac vice* admission, even if such revocation were to occur on the eve of trial, that local counsel for the Defendants would be expected to be able to proceed with the trial.  No continuance will be granted based on such substitution of counsel.

**IT IS FURTHER ORDERED** that the case shall be calendared for trial during the February 11, 2008 term of court.

Signed: November 28, 2007

Martin Reidinger
United States District Judge